JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00009-DOC-KES                                           Date:  January 31, 2023

Title: MICHAEL SANCHEZ V. MILLMAN SURVEYING, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

This action was removed from state court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) that the amount in controversy exceeds the jurisdictional minimum of $75,000 ("Notice of Removal") (Dkt. 1). Because the Court finds that amount in controversy does not meet the jurisdictional minimum, the Court SUA SPONTE REMANDS this case back to Orange County Superior Court.

**I.      Background**

This action arises from the alleged discrimination and retaliation Plaintiff faced while hired by Defendant as a Field Technician (Surveyor) from on or about October 25, 2019 to on or about June 29, 2021. On November 7, 2022, Plaintiff filed this action against Defendant in the Superior Court of the State of California, alleging eleven causes of action against Defendant. *See Michael Sanchez v. Millman Surveying, Inc.*, No. 30-2022-01290612-CU-WT-NJC (Cal. Sup. Ct. filed Nov. 7, 2022) ("State Court Complaint") (Dkt. 1-1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00009-DOC　　　　　　　　　　　　　　　　　　　　Date: January 31, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

On January 4, 2023, Defendant removed the action to the United States District Court for the Central District of California based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a) ("Notice of Removal") (Dkt. 1).

## II.　　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00009-DOC　　　　　　　　　　　　　　　　　　　Date: January 31, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

　　　　A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

　　　　While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

　　　　If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.　Discussion

　　　　Defendant asserts that the damages in this action exceed $75,000 based on lost wages, punitive damages, emotional distress damages, and attorney's fees. *See* Notice of Removal, 7–11. Upon review of the damages at issue, the Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. 8:23-cv-00009-DOC | Date: January 31, 2023 |
| | Page 4 |

    To begin, Plaintiff does not specify the amount of damages in the State Court Complaint. In broad terms, Plaintiff seeks compensatory damages, "penalties and premiums," emotional distress damages, punitive and exemplary damages, attorney fees, costs of suit, and prejudgment and post judgment interest. *See* State Court Complaint at 16–17.

    The Court does not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") (emphasis added).

    In wrongful termination cases, the Court considers lost wages in the period from termination until removal to federal court. According to Defendant, Plaintiff was earning approximately $3,614.00 per month, or $47,000.00 annually. Notice of Removal at 8. Here, Plaintiff was terminated on or about June 29, 2021, and this action was removed on January 4, 2023. Accordingly, Plaintiff's lost wages for the 18 months between termination and removal of this action would total $65,052. See Notice of Removal.

    As such, Defendant has not shown by a preponderance of the evidence that Plaintiff's damages exceed $75,000.

**IV.    Disposition**

    For the reasons set forth above, the Court, on its own motion, **REMANDS** this case to the Superior Court of Orange County, California.

    The Clerk shall serve this minute order on the parties.

| | |
|---|---:|
| MINUTES FORM 11 | Initials of Deputy Clerk: |
| CIVIL-GEN | kdu |